RITTER et v FINCH

Ohio Appeals, 8th Dist, Cuyahoga Co

No 1640. Decided June 14, 1929

Hammond & Tweed, for Ritter, Et. W. J. Laub, Akron, for Finch.

FUNK, PJ.

The contract not being a part of the pleadings, the court could not pass upon whether or not it was void until it was offered in evidence. We thus find no error in the court overruling the motion for judgment on the pleadings or the objection to the introduction of any evidence.

The contract between the parties proposing to exchange properties and being the contract sued upon in the instant case, contains this provision: "Each party to pay E. Finch a commission of $100.00." This is all that is in the contract concerning the commissions to be paid to plaintiff.

There is nothing in the contract providing that the commission was to be paid only upon the completion of the sale or upon the signing of an enforceable contract, or upon the happening of what event the same was to be paid.

From the fact that each party agreed to pay a commission of $100, and there being nothing in the contract or in the record to show any agreement as to when or for what services the commission was to be paid, other than the contract itself that each party agreed to pay plaintiff "a commission of $100.00," the presumption would be that plaintiff had already earned said commission or it would have been stated in the contract as to when or upon what conditions the same was to be paid. We therefore cannot say from this record that it was unenforceable as to this plaintiff.

As to the claimed error in the court's refusal to charge as requested before argument.

The only thing in the record to show or indicate that the requests were asked to be made before argument is the order

in which the narrative form of the bill of exceptions shows the various proceedings of the trial to have occurred; but assuming that the requests were made before argument, the record does not affirmatively show that the special requests were in writing; neither does it show whether the requests made were requested to be given as a series or as separate reports; and it is apparent from the record that there was at least one other request which is not in the record.

If the requests were made as a series and any one of them did not correctly state the law, the whole series would have to be refused. Hence, since the record does not show whether the requests were made as separate requests or as a series and does show that there was at least one other request which is not shown in the record, a reviewing court cannot say that the court erred in refusing those appearing in the record.

The bill of exceptions is quite meager. It is apparent that there was much evidence that is not incorporated in the bill. The charge of the court to the jury is not set out in the bill of exceptions, and the only reference to it is less than two lines in the bill of exceptions, which states that the court charged on the question of the preponderance of the evidence, but does not show that the court did not charge on any other question or whether or not the special requests were covered in the general charge; so that if the requests were made after argument, it is impossible to tell whether or not it was prejudicial to refuse them. We therefore find, under the rules governing the giving or refusing to give special requests, either before or after argument, that the record discloses no error by reason of the court's refusal to give the requests about which complaint is made.

Pardee, J, and Washburn, J, concur.